LINKS: 67, 69

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7204 GAF (CWx) | Date | June 12, 2013 |
|---|---|---|---|
| Title | Brian Friedman et al v. Mercedes Benz USA LLC et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| None | | None | |

**Proceedings:**      (In Chambers)

**ORDER RE: MOTION TO DISMISS &
MOTION FOR RULE 11 SANCTIONS**

**I.
INTRODUCTION**

    This consumer complaint arises out of allegedly false advertising concerning features on certain Mercedes vehicles leased or purchased in California. Plaintiffs Brian Friedman and Daniel Brown[1] were reportedly shocked to discover that their leased 2012 Mercedes CLS550 did not come equipped with certain "Premium 1 Package" features, like SiriusXM Traffic and Weather, the "PARKTRONIC with Active Parking Assist" system, and a rear view camera with "active parking guidelines," which they contend were advertised as standard equipment in that package. Plaintiffs bring claims against Mercedes-Benz USA, LLC ("MBUSA") and the dealer from which they leased the car, Keyes European LLC ("Keyes") (collectively "Defendants").[2]

    Plaintiffs' original Complaint was filed as a consumer class action against MBUSA and as an individual action against Keyes. (Docket No. 1, [Not. of Removal ("Not.")], Ex. A [Compl.].) In response to motions filed by Defendants, the Court ordered arbitration of the claims brought against Keyes, dismissed without leave to amend all claims asserted by Brown

---

    [1] Though both Plaintiffs remain in this case, Brown was previously dismissed without leave to amend as to claims asserted against Defendant Mercedes-Benz USA, LLC. (Docket No. 53, [01/31/13 Order].)

    [2] Mercedes-Benz Financial Services USA LLC ("MBFS") was named as a Defendant in Plaintiffs' original Complaint, but was subsequently dismissed by Plaintiffs. (Docket No. 29.) MBFS appears resurrected on the cover of Plaintiffs' Second Amended Complaint. The Court presumes this to be unintentional.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7204 GAF (CWx) | Date | June 12, 2013 |
|---|---|---|---|
| Title | Brian Friedman et al v. Mercedes Benz USA LLC et al | | |

against MBUSA, and dismissed all claims brought by Friedman against MBUSA with leave to amend. (Docket No. 53, [01/31/13 Order at 22-26].) Following the 01/31/13 Order, Plaintiffs filed their First Amended Complaint ("FAC"), bringing identical consumer claims, but dropping all class allegations. (Docket No. 57, [First Am. Compl. ("FAC")].) MBUSA again moved to dismiss, raising similar challenges to the sufficiency of Plaintiffs' pleadings - namely Friedman could not plead actual reliance on any alleged misrepresentation by MBUSA because he did not actually see the alleged misrepresentations at issue. (Docket No. 58.) The Court again dismissed all claims against MBUSA because Friedman could not plead actual reliance. (Docket No. 64, [04/09/13 Order] at 8.) The Court extended to Plaintiffs one last chance to amend on the basis that they raised several new agency-related theories in their opposition. (Id.)

Plaintiff has now filed his SAC, re-alleging its consumer claims against Defendants while adding two additional claims for intentional misrepresentation and negligent misrepresentation against MBUSA. (Docket No. 66, [Second Am. Compl. ("SAC")].) MBUSA now moves to dismiss Plaintiff's SAC for failure to state a claim. (Docket No. 67, [Mot. to Dismiss ("Mem.")].) MBUSA argues that Plaintiffs' claims should be dismissed for the same reasons they were dismissed in both the 01/31/13 Order and the 04/09/13 Order - namely, Friedman never saw any MBUSA advertisement, and therefore cannot allege actual reliance. (Mem. at 1.) The Court simultaneously considers MBUSA's motion for Rule 11 sanctions. (Docket No. 69, [Mot. for Rule 11 Sanctions ("Sanctions Mem.")].) MBUSA moves for Rule 11 sanctions on the basis that Plaintiffs have raised identical arguments regarding indirect reliance in their SAC despite the Court rejecting those arguments twice already. (Id. at 1.)

The Court again concludes that Plaintiffs are unable to allege actual reliance. However, the Court does not find that Plaintiff's conduct warrants sanctions. Accordingly, for the reasons detailed below, the Court **GRANTS** MBUSA's motion to dismiss **without leave to amend** and **DENIES** MBUSA's motion for Rule 11 sanctions.

## II.
## BACKGROUND

The pertinent facts of this case remain unchanged from the 01/31/13 Order, and the Court will presume the Parties' familiarity with those facts. The Court provides here a brief summary of the relevant factual allegations contained in the most recent version of the complaint.

In or around 2011, MBUSA advertised and marketed features it would be offering in its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7204 GAF (CWx) | Date | June 12, 2013 |
|---|---|---|---|
| Title | Brian Friedman et al v. Mercedes Benz USA LLC et al | | |

2012 CLS550 in conjunction with certain "packages." (SAC ¶ 3.) The "Premium 1 Package" was advertised on the MBUSA website as being equipped with certain "standard features," including "a trial subscription to SiriusXM Satellite Radio, which included the SiriusXM Traffic and Weather features, the 'PARKTRONIC with Active Parking Assist' system, and a rearview camera that came with 'active parking guidelines' on the screen." (Id. ¶ 4.) However, "early production 2012 CLS550 vehicles were not equipped with the SiriusXM Weather feature and did not come equipped with active parking guidelines on the rear view camera." (Id. ¶ 8.) Plaintiffs allege that MBUSA withheld certain information regarding the availability of these features from the public and potential customers. (Id.)

Friedman's partner, Brown, began researching the 2012 CLS550 in late September 2011. (Id. ¶ 28.) Brown viewed the MBUSA website, "paying particular attention to the features offered on the 2012 CLS550 vehicles," including the features listed in the "Premium 1 Package." (Id. ¶¶ 29-30.)

During a test drive of another vehicle, a Keyes salesman, Joseph, represented to Friedman and Brown that "the 2012 CLS550 vehicles had SiriusXM Traffic *and* Weather," the active parking guidelines, and the PARKTRONIC system. (Id. ¶¶ 38-39) (emphasis in original.) Friedman and Brown decided to lease the CLS550, which would be Browns to drive. (Id. ¶¶ 46-47.) Friedman signed the lease documents. (Id. ¶ 47.) Plaintiffs' vehicle in fact did not come with the features advertised on the MBUSA website or represented by Joseph. (Id. ¶ 50.) That vehicle was returned and swapped out for another CLS550. (Id. ¶ 52.) The new CLS550 also did not come equipped with the advertised and promised features. (Id. ¶ 59.) Plaintiffs allege that MBUSA eventually admitted in an internal communication "that, in July 2011 there had been a production change for the 2012 CLS550 vehicles, which changes included, at a minimum, the addition of the SiriusXM Weather feature," and while this information was conveyed to dealers it was not conveyed to consumers. (Id. ¶ 72.)

Plaintiffs bring this Complaint against MBUSA and Keyes, asserting the following claims: (1) violation of the Consumers Legal Remedies Act ("CLRA") (asserted against MBUSA); (2) violation of Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL") (asserted against MBUSA); (3) false advertising in violation of Cal. Bus. & Prof. Code § 17500 ("FAL") (asserted against MBUSA); (4) fraudulent misrepresentation (asserted against MBUSA); (5) negligent misrepresentation (asserted against MBUSA); (6) violation of the CLRA (asserted against Keyes); and (7) violation of the UCL (asserted against Keyes). (Id. at 19-34.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7204 GAF (CWx) | Date | June 12, 2013 |
|---|---|---|---|
| Title | Brian Friedman et al v. Mercedes Benz USA LLC et al | | |

## III.
## DISCUSSION

### A. MOTION TO DISMISS

#### A. LEGAL STANDARD

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120-21 (9th Cir. 2007). Dismissal under Rule 12(b)(6) may be based on either (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 1950.

A complaint generally need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotations omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). That is, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7204 GAF (CWx) | Date | June 12, 2013 |
|---|---|---|---|
| Title | Brian Friedman et al v. Mercedes Benz USA LLC et al | | |

678-79; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**B. APPLICATION**

   *a. Friedman's Standing to Assert CLRA, FAL, and UCL Claims Sounding in Fraud[3]*

Plaintiffs again acknowledge that Friedman ***never saw*** the alleged false advertisements at issue. Plaintiffs state that Friedman entered into the lease in question as a result of the advertisements "***as conveyed to him by Mr. Brown*** . . . ." (Docket No. 71, [Opp. to Mot. to Dismiss ("Opp.")] at 6.) Despite the Court's previous resolution of the issue, Plaintiffs again argue that "[c]ontrary to what MBUSA argues, the fact Mr. Brown viewed the misrepresentations on MBUSA's website - not Mr. Friedman himself - is not dispositive." (Id. at 7.) The Court, for the last time, concludes otherwise.

In its 04/09/13 Order, the Court fully evaluated the relevant case law and the Restatement Second of Torts § 533 in concluding that, because Friedman never saw the advertisements at issue, he could not establish actual reliance. (04/09/13 Order at 5-8.) The Court will briefly reevaluate Plaintiffs' indirect reliance theory.

Plaintiffs cite The MEGA Life & Health Ins. Co. v. Superior Court, 92 Cal. Rptr. 3d 399 (Cal. App. 4th Dist. 2009) for the proposition that "it is not always necessary that a fraudulent misrepresentation be made to the intended actor." Id. at 406 (citing Restatement Second of Torts § 533). Neither MBUSA nor the Court dispute that. Section 533 of the Restatement clearly acknowledges that:

> The maker of a fraudulent misrepresentation is subject to liability for pecuniary loss to another who acts in justifiable reliance upon it if the misrepresentation, although not made directly to the other, is made to a third person and the maker intends or has reason to expect that its terms will be repeated or its substance communicated to the other, and that it will influence his conduct in the transaction or type of transaction involved.

Rest. 2d of Torts, § 533. However, in writing the Restatement Second, "the ALI carefully

---

   [3] As the Court noted in its prior orders, the Court analyzes this dispute under Rule 12(b)(6), and not as a standing issue, because "a dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim rather than a dismissal for lack of subject matter jurisdiction." Vaughn v. Bay Envtl. Mgmt., 567 F.3d 1021, 1024 (9th Cir. 2009); see also Harris v. Amgen, 573 F.3d 728, 732 n.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7204 GAF (CWx) | Date | June 12, 2013 |
|---|---|---|---|
| Title | Brian Friedman et al v. Mercedes Benz USA LLC et al | | |

distinguishe[d] the concept of foreseeability with 'reason to expect,' making clear that the latter term bears more similarity to actual intent to cause third party reliance than it does to 'foreseeability.'" Geernaert v. Mitchell, 37 Cal. Rptr. 2d 483, 487 (Cal. App. 1st Dist. 1995). Comment d to Section 533 makes this point:

> [I]t is not enough to make the rule stated in this Section applicable that the maker of the misrepresentation does recognize, or should recognize, the possibility that the third person to whom he makes it may repeat it for the purpose of influencing the conduct of another. He must make the misrepresentation *with that intent*, or must have information that gives him *special reason to expect* that it will be communicated to others, and will influence their conduct.

Rest. 2d of Torts, § 533, comment d (emphasis added). California case law supports comment d, noting that indirect reliance requires pleading: (1) "a misrepresentation to a third party," (2) that "defendant intended or had reason to expect that the substance of the communication would be repeated to the plaintiff and would induce the plaintiff's reliance," and (3) that "plaintiff was misled when the substance of the communication was repeated to plaintiff." Bullock v. Philip Morris USA, Inc., 71 Cal. Rptr. 3d 775, 792 (Cal. App. 2d Dist. 2008).

 Plaintiffs argue that "MBUSA had reason to expect the contents of its website, including the advertisements for the 2012 CLS550 vehicles would be repeated by Mr. Brown to Mr. Friedman." (Opp. at 9.) Once again, aside from Plaintiffs' conclusory allegations on this point, Plaintiffs allege no facts that MBUSA "ha[d] information that g[ave] [it] special reason to expect" that its advertisements would be communication to others. Rest. 2d of Torts, § 533, comment d. Plaintiffs allege no more than:

> Mercedes designed its website to educate visitors about the available features and prices of its vehicles, with the intent to induce visitors to purchase or lease its vehicles. Mercedes had reason to expect website visitors would rely on the representations made on its website, and would communicate those representations to other individuals who would also purchase or lease Mercedes vehicles.

(SAC ¶¶ 13, 32, 75, 92, 111.) As the Court noted in its 04/09/13 Order, "there is not a single fact upon which the inference could be made that MBUSA made its representations online with the intent to have individuals, like Brown, essentially act as unaffiliated salesmen communicating those representations to others." (04/09/13 Order at 8.) Plaintiffs' allegations lend credence to no more than the inference of simple foreseeability. Bullock v. Philip Morris USA, Inc., for example, involved indirect reliance in the context of a long-term, broad-based,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7204 GAF (CWx) | Date | June 12, 2013 |
|---|---|---|---|
| Title | Brian Friedman et al v. Mercedes Benz USA LLC et al | | |

multi-medium advertising campaign aimed at misleading an uninformed public about the dangers of smoking. 71 Cal. Rptr. 3d at 791. This is not that case, and Plaintiffs' conclusory assertion does not pass the Iqbal-Twombly threshold. Moreover, Plaintiffs *yet again* point to no case law that supports the application of Section 533 to this situation.[4] Actual reliance, as the California Supreme Court holds, requires a Plaintiff to "show that the misrepresentation was an immediate cause of the injury-producing conduct . . . ." Kwikset Corp. v. Superior Court, 246 P.3d 877, 888 (Cal. 2011) (quoting In re Tobacco II Cases, 207 P.3d 20, 39 (Cal. 2009)). Plaintiffs provide no case law indicating that an advertisement can be an "immediate cause" of a subsequent purchase if the purchaser *never saw* the advertisement. Such a finding, the Court noted in its 04/09/13 Order, "would vastly expand potential liability under the statutes at issue, in direct contravention of the objectives of Proposition 64, as noted by the California Supreme Court in Tobacco II." (04/09/13 Order at 8.)

As the Court has noted twice now, CLRA, FAL, and UCL claims sounding in fraud all require actual reliance. See Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 794 (9th Cir. Cal. 2012); Reid v. Johnson & Johnson, 2012 U.S. Dist. LEXIS 133408, at *6 (S.D. Cal. Sept. 17, 2012); Cholakyan v. Mercedes-Benz USA, LLC, 796 F. Supp. 2d 1220, 1228-29; Kingsbury v. U.S. Greenfiber, LLC, 2011 U.S. Dist. LEXIS 71058, at *8 (C.D. Cal. May 23, 2011); Brownfield v. Bayer Corp., 2009 U.S. Dist. LEXIS 63057, at *9 (E.D. Cal. July 2, 2009). The Court finds, one final time, that Friedman fails to adequately plead actual reliance to state these claims. Accordingly, MBUSA's motion to dismiss Friedman's CLRA, FAL, and UCL claims sounding in fraud are **DISMISSED with prejudice**.

---

[4] The Court is frankly surprised Plaintiffs try to draw any support from Lewis v. McClure, 16 P.2d 166 (Cal. App. 1932), utilizing that case for the proposition that "Courts have identified particular 'classes of persons' to which a statement may be made and it may be assumed the maker intended the recipient to communicate it to another person. One such 'class of persons' are spouses." (Opp. at 9.) Lewis held only that "[w]here a husband and wife are induced to exchange properties with a third person by means of fraudulent representations made to the husband *who was known to be acting as agent for his wife* with respect to her interest therein, it is unnecessary to prove that the false representations were also made to her personally." Lewis, 16 P.2d at 170 (emphasis added). The Court specifically stated in its 04/09/13 Order that an agency relationship *cannot merely be assumed*. (04/09/13 Order at 9 n.4, citing Flores v. Evergreen at San Diego, LLC, 55 Cal. Rptr. 3d 823, 828-829 (Cal. App. 4th Dist. 2007).) Plaintiffs fail to allege any agency theory between Brown and Friedman. Additionally, in their opposition to the motion for Rule 11 sanctions, Plaintiffs state that "upon further research of the laws governing agency, Plaintiffs disposed of the theory . . . ." (Docket No. 72, [Opp. to Mot. for Rule 11 Sanctions ("Sanctions Opp.")] at 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7204 GAF (CWx) | Date | June 12, 2013 |
|---|---|---|---|
| Title | Brian Friedman et al v. Mercedes Benz USA LLC et al | | |

### b. *UCL Claim - Unfair and Unlawful Prongs*

Plaintiffs argue that the UCL claim alleged against MBUSA also states claims under the unfair and unlawful prongs, which do not require that actual reliance be pleaded. (Opp. at 3-4.) As MBUSA argues, however, the allegations stemming from the unfair and unlawful prongs are all grounded in fraud. (Docket No. 73, [Reply to Mot. to Dismiss ("Reply")] at 7.) MBUSA is undoubtedly correct.

California Business & Professions Code Section 17200 prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. However, despite the UCL's breadth, "violations that sound in fraud must meet the pleading requirements under Federal Rule of Civil Procedure 9(b), which require the who, what, when, where, and how of the fraudulent misrepresentation." McLaughlin v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 170826, at *26-27 (C.D. Cal. Nov. 30, 2012) (internal quotations and citation omitted). Additionally, a plaintiff "proceeding on a claim of misrepresentation as the basis of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions." Tobacco II, 207 P.3d at 26.

Plaintiffs' UCL claim, whether stated as unfair, unlawful, or fraudulent stems from the exact same alleged misrepresentations and false advertisements. (See SAC ¶¶ 96-99.)[5] The entirety of Plaintiffs' UCL claim sounds in fraud and actual reliance is required. Accordingly, Plaintiffs' UCL claim fails in its entirety for the reasons stated above, and it is **DISMISSED with prejudice**.

### c. *Fraudulent and Negligent Misrepresentation*

Plaintiffs bring two new claims in their SAC - fraudulent misrepresentation and negligent misrepresentation. The allegations regarding these claims are twofold. First, Plaintiff alleges that MBUSA made various misrepresentations and omissions in marketing and advertising material regarding the features on the 2012 CLS550 vehicles. (SAC ¶¶ 117(a), 118, 120, 129.)

---

[5] Plaintiffs also appear to premise a UCL claim on a violation of Cal. Veh. Code § 11713(a). (SAC ¶ 80; Opp. at 5.) The California Supreme Court has stated that "[w]hile the statute barring 'fraudulent representations' requires actual reliance on the misrepresentations, section 11713, subdivision (a) penalizes the making or dissemination of the statements, regardless of how they are received by the customer." Ford Dealers Assn. v. Department of Motor Vehicles, 650 P.2d 328, 335 (Cal. 1982). While that may be the case, however, UCL claims premised on misrepresentations *do* require actual reliance. Tobacco II, 207 P.3d at 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7204 GAF (CWx) | Date | June 12, 2013 |
|---|---|---|---|
| Title | Brian Friedman et al v. Mercedes Benz USA LLC et al | | |

Second, Plaintiff alleges that MBUSA made various misrepresentations and omissions through its dealers, as its agents. (SAC ¶¶ 117(b), 118, 130.) The Court will address these in turn.

"The well-known elements of a cause of action for fraud are: (1) a misrepresentation, which includes a concealment or nondisclosure; (2) knowledge of the falsity of the misrepresentation, i.e., scienter; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and (5) resulting damages." Cadlo v. Owens-Illinois, Inc., 23 Cal. Rptr. 3d 1, 5 (Cal. App. 1st Dist. 2004). The only difference for a claim of negligent misrepresentation is that "there is no requirement of intent to induce reliance." Id. However, for both causes of action, a plaintiff must plead actual reliance. Id.

Regarding the first allegation that MBUSA's made various misrepresentations and omissions in its marketing and advertising materials, it is again undisputed that Friedman never saw the alleged marketing and advertising materials at issue, namely the online material. Accordingly, he cannot plead actual reliance for the reasons stated above, and Plaintiffs' claims, insofar as they stem from these allegations, must fail.

Regarding the second allegation that MBUSA made various misrepresentations and omissions through its dealers - namely Keyes - acting as MBUSA's agents, it is evident that Plaintiff failed to adequately plead any kind of agency relationship. The Court already warned Plaintiff that an agency relationship cannot just be assumed, rather facts must be pleaded. (04/09/13 Order at 9, n.4.) See Holt v. Kormann, 2012 U.S. Dist. LEXIS 81510, *16-17 (C.D. Cal. June 12, 2012); Keegan v. Am. Honda Motor Co, 838 F. Supp. 2d 929, 953 (C.D. Cal. 2012). Plaintiffs allege that "Keyes, as an authorized Mercedes dealership, served as Mercedes' agent and representative in advertising the features of the 2012 CLS550." (SAC ¶ 34.) Plaintiffs have alleged no facts that MBUSA has any relationship with Keyes whatsoever. Plaintiffs allege no facts that MBUSA authorizes dealerships, or that Keyes in any respect serves as MBUSA's agent. MBUSA, notably, is a distributor, not a manufacturer. (See Reply at 10.) These allegations are, accordingly, inadequately pleaded, and Plaintiffs' claims insofar as they stem from these allegations must fail.

     *d. Conclusion*

The Court has accommodated Plaintiffs on two separate occasions by granting leave to amend their complaint to plead actual reliance. Despite the unambiguous ruling set forth in the Court's prior orders, Plaintiffs have continued to pursue their original theory of indirect reliance largely to the exclusion of all others. From this the Court concludes that Plaintiffs cannot state a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7204 GAF (CWx) | Date | June 12, 2013 |
|---|---|---|---|
| Title | Brian Friedman et al v. Mercedes Benz USA LLC et al | | |

claim on any other theory of reliance. Accordingly, Friedman's claims against MBUSA are **DISMISSED with prejudice**.[6]

### B.  RULE 11 SANCTIONS

#### 1.  LEGAL STANDARDS

Federal Rule of Civil Procedure 11(c) allows a court, after providing notice and a reasonable opportunity to respond, to impose sanctions on any attorney, law firm, or party that violates Rule 11(b). Fed. R. Civ. P. 11(c). Rule 11(b) provides that an attorney, by presenting to the court a pleading, written motion, or other paper:

> [C]ertifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

The purpose of Rule 11 is to create an affirmative duty of investigation both as to law and as to fact, and thus to deter frivolous filings. Business Guides, Inc. v. Chromatic Commcn's Enters., Inc., 498 U.S. 533, 552 (1991). "Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it."

---

[6] Additionally, the Court notes that it is entirely unclear what aspects of the online advertisement were actually relayed from Brown to Friedman, and therein lies an additional problem under Federal Rules of Civil Procedure 8 and 9(b). Plaintiffs allege only that "Brown accurately relayed the content and nature of Mercedes' advertisements . . . ." (SAC ¶ 33.) Plaintiffs do not actually allege what, specifically, was relayed and thus what specific allegedly fraudulent information Friedman relied upon.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7204 GAF (CWx) | Date | June 12, 2013 |
|---|---|---|---|
| Title | Brian Friedman et al v. Mercedes Benz USA LLC et al | | |

Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002). Sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988). Therefore, when a court examines a motion for sanctions, it must resolve all doubts in favor of the signer of the pleading or paper. Associated Indem. Corp. v. Fairchild Indus., Inc., 961 F.2d 32, 34–35 (2d Cir. 1992).

### 2. APPLICATION

MBUSA moves for Rule 11 sanctions on the basis "that plaintiffs' counsel has repeatedly disregarded the Court's orders by (among other things) reasserting claims that have already been dismissed by the Court, disregarding the Court's clear instructions, and securing leave to amend their prior pleading on false pretenses." (Sanctions Mem. at i.)[7] Plaintiffs aver that their lawsuit is not frivolous, legally unreasonable, without factual foundation, or for an improper purpose. (Docket No. 72, [Opp. to Mot. for Rule 11 Sanctions ("Sanctions Opp.")] at 2.)

While the Court has concerns over the continued assertion of claims that the Court has found legally insufficient in its prior rulings, it does not view the conduct as the kind that, at this stage, warrants imposition of Rule 11 sanctions. The Court does not view the Plaintiffs' SAC to be frivolous within the meaning of Rule 11. Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories . . . ." Riverhead Sav. Bank v. National Mortg. Equity Corp., 893 F.2d 1109, 1115 (9th Cir. 1990) (internal quotations and citation omitted). Plaintiffs propounded a legitimate legal theory regarding indirect misrepresentation, though, in the Court's view, without the requisite facts to support it. In the Court's view, this could easily be viewed as a "nonfrivolous argument for extending" the indirect misrepresentation principle to cover a broader range of claims. Because the arguments appear within the scope of what Rule 11 permits, and because MBUSA presents no evidence that Plaintiffs intended to harass, cause delay, or otherwise act with an improper purpose, the Court does not view this as the rare and exception case where the imposition of Rule 11 sanctions would be appropriate.

Accordingly, the Court **DENIES** MBUSA's motion for Rule 11 sanctions.

---

[7] MBUSA avers that the motion was served on May 2, 2013, and was filed May 24, 2013, and so the 21-day safe harbor has been satisfied. (Sanctions Mem. at i.)

**LINKS: 67, 69**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7204 GAF (CWx) | Date | June 12, 2013 |
|---|---|---|---|
| Title | Brian Friedman et al v. Mercedes Benz USA LLC et al | | |

## IV.
## CONCLUSION

For the foregoing reasons, the Court **GRANTS** MBUSA's motion to dismiss and **DENIES** MBUSA's motion for Rule 11 sanctions. Friedman's claims against MBUSA are **DISMISSED with prejudice**. The hearings presently scheduled for June 17, 2013 (motion to dismiss) and June 24, 2013 (motion for Rule 11 sanctions) are hereby **VACATED**.

**IT IS SO ORDERED.**